# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                      No. CR 10-1917 JB

JOSE LUIS ALVAREZ-NARZAGARAY,

       Defendant.

## ORDER GRANTING CONTINUANCE OF TRIAL

**THIS MATTER** is before the Court on the Defendant's Motion to Continue Trial Setting [Docket 24]. The Court having reviewed the motion and noting that the Assistant United States Attorney, Mr. Nicholas Ganjei, does not opposed the motion, the Court finds that the motion is well taken and should be, and hereby is, **granted**. The Court expressly finds, pursuant to 18 USC § 3161(h)(7)(A), that the ends of justice served in granting the continuance outweigh, in this specific circumstance, the best interest of the public and the Defendant in a speedy trail. The Court hereby finds and accepts those reasons for granting the continuance as set for by the Defendant pursuant to 18 USC § 3161(h)(7)(A) and fully in accord with *United States v. Toombs*, **574 F. 3d 1262 (10th Cir. 2009)**.:

1. The purposes of justice would be badly frustrated as the defendant would be forced to trial without the opportunity to determine whether a key piece of evidence does in fact exist.

2. The severity of the pending charges alleged in the pending indictment and the defense desire to review all potential evidence (including evidence, a dash camera recording, that the defense had anticipated, through no fault of the defense, receiving earlier) make it unreasonable to expect that the defense could be fully prepared in this instance by the trial date currently scheduled, October 18, 2010;

3. The defense has exercised due diligence as the defense only learned very recently that the government was no longer able to provide the potential evidence involved, the dash camera recording, as the government does not now know whether such evidence even exists. Even if ultimately it is determined that the recording does not exist, it is in the best interest of justice that the defense have the opportunity to determine whether this evidence exists. In a case of this nature, the propriety of the stop of the vehicle involved is a major proper defense issue and the defendant ought not be deprived of the opportunity to review this issue in very complete consideration thereof.

4. The circumstances of this case represents a rare circumstance where there is a genuine and *bona fide* need for greater flexibility in the treatment of this case than might be appropriate in more routine matters. This is largely because of the nature of the allegations and the nature of the evidence related to such an allegation.

**IT IS THEREFORE ORDERED**, **ADJUDGED and DECREED** that the Defendants Motion to Continue [Docket 24] is granted and that the Jury Selection/Trial of October 18, 2010 is vacated and reset for November 15, 2010 at 9:00 a.m. on a trailing docket before the Honorable James O. Browning, United States District Judge. The period of delay resulting here from this continuance is and shall be excluded, pursuant to 18 USC § 3161(h)(7)(A).

_____
UNITED STATES DISTRICT JUDGE