# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Jose Luis Alvarez-Narzagaray**<br>a/k/a Jose Luis Perez-Narzagaray; a/k/a Jose Luis Higuera-Norzagaray | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:10CR01917-001JB**<br>USM Number: **54282-051**<br>Defense Attorney: **Liane Kerr, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 and 2 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. Sec. (b)(1)(A) | Possession With Intent to Distribute 1 Kilogram and More of Heroin | 06/01/2010 | 1 |
| 21 U.S.C. Sec. 851 | Enhancement | | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count  dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 25, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**July 26, 2012**
Date Signed

Defendant: **Jose Luis Alvarez-Narzagaray**
Case Number: **1:10CR01917-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **240 months** .

**A term of 240 months is imposed as to each Count 1 and Count 2; said terms shall run concurrently for a total term of 240 months.**

On October 20, 2011, Defendant Jose Luis Alvarez-Narzagaray pled guilty to the two-count Indictment, filed June 24, 2011 (Doc. 13), charging: (i) a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), that being possession with intent to distribute 1 kilogram and more of a mixture and substance containing a detectable amount of heroin; and (ii) a violation of 8 U.S.C. § 1326, that being Re-Entry of a Removed Alien. See Plea Agreement ¶ 3, at 2, filed October 20, 2011 (Doc. 81). The parties stipulate that at least 3 kilograms, but less than 10 kilograms, of heroin are attributable to Alvarez-Narzagaray. See Plea Agreement ¶ 9(a), at 4. The parties stipulate that Alvarez-Narzagaray has demonstrated acceptance of responsibility and that, so long as he continues to accept responsibility for his conduct, he is entitled to a 3-level reduction pursuant to U.S.S.G. § 3E1.1. See Plea Agreement ¶ 9(b), at 4-5. Apart from these stipulations, the parties reserve their rights to assert any position or argument with respect to the sentence to be imposed. See Plea Agreement ¶ 9(c), at 5. Alvarez-Narzagaray also waives his right to appeal his conviction and any sentence at, or under, the maximum statutory penalty. See Plea Agreement ¶ 13, at 8.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Alvarez-Narzagaray on September 29, 2011. The USPO disclosed a Re-Disclosed Presentence Investigation Report ("Re-Disclosed PSR") on November 23, 2011. In the Re-Disclosed PSR, the USPO calculated Alvarez-Narzagaray`s total offense level, after adjusting for multiple counts to be 34. For Count 1, the Re-Disclosed PSR calculates a base offense level of 34 pursuant to U.S.S.G. § 2D1.1(c)(3). See Re-Disclosed PSR ¶ 24, at 9. The Re-Disclosed PSR makes no adjustments to the offense level for Count 1 and arrives at an adjusted offense level of 34. See Re-Disclosed PSR ¶ 29, at 9. For Count 2, the Re-Disclosed PSR arrives at a base offense level of 8 under U.S.S.G. § 2L1.2(a). See Re-Disclosed PSR ¶ 31, at 10. The Re-Disclosed PSR includes a 16-level upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(i) given that Alvarez-Narzagaray was deported after receiving an aggravated felony conviction. See Re-Disclosed PSR ¶ 32, at 10. The Re-Disclosed PSR arrives at an adjusted offense level of 24 for Count 2. See Re-Disclosed PSR ¶ 36, at 10. After adjusting for multiple counts, the Re-Disclosed PSR arrives at a combined adjusted offense level of 34. See Re-Disclosed PSR ¶ 43, at 11. The Re-Disclosed PSR then applies an adjusted offense level of 37, pursuant to the career criminal provisions in U.S.S.G. § 4B1.1, because Alvarez-Narzagaray "has at least two prior qualifying felony convictions." Re-Disclosed PSR ¶ 44, at 11. The Re-Disclosed PSR included a 3-level reduction under U.S.S.G. § 3E1.1 based on Alvarez-Narzagaray`s acceptance of responsibility. See Re-Disclosed PSR ¶ 45, at 11. The Re-Disclosed PSR lists his criminal history category as III, based on 6 criminal history points. See PSR ¶ 48, at 15. The Re-Disclosed PSR then applies a criminal history category VI under the career criminal provisions in U.S.S.G. § 4B1.1(b). The Re-Disclosed PSR calculates that an offense level of 34 and a criminal history category VI results in a guideline imprisonment range of 262 to 327 months. The Re-Disclosed PSR clarifies that, for Count 2, "[b]ased on the total offense level of 34 and a criminal history category of VI, the maximum sentence is 240 months, pursuant to U.S.S.G. § 5G1.1." Re-Disclosed PSR ¶ 70, at 17.

Alvarez-Narzagaray requests a 240-month sentence for both Counts. Plaintiff United States of America stated, at the sentencing hearing on January 25, 2012, that it would not oppose the Court varying downward. At the sentencing hearing, the parties agreed to the Court reducing Alvarez-Narzagaray`s offense level 3 levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 34 and a criminal history category of VI produces a guideline sentence of 262 to 327 months. Because the statutory maximum for Count 2 is 240 months, the guideline range for that count is 240 months under U.S.S.G. § 5G1.1.

Alvarez-Narzagaray possessed with intent to distribute over three kilograms of heroin. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Count 1, but is appropriate for Count 2. The Court concludes that a sentence of 240-months imprisonment for both Counts is sufficient to reflect the seriousness of these offenses. For Count 1, Alvarez-Narzagaray is facing a particularly stiff 20-year mandatory minimum sentence. Mandatory minimums significantly curtail the Court`s discretion on the appropriate sentence, even if the factors listed in 18 U.S.C. § 3553(a) might otherwise counsel for a lower sentence. See, e.g., United States v. De Paz, 200 F.App`x 791, 792 (10th Cir. 2006)(unpublished)("However, when a defendant pleads guilty to a crime that carries a

mandatory minimum sentence, the court has no discretion to do anything other than impose the sentence required by the statute."); United States v. Cummins, No. 06-1339, 2008 WL 4821626, at *8 (D.N.M. July 1, 2008)(Browning, J.)("While the court may vary below the advisory Guideline range, the court does not have such discretion to depart or vary below the statutory minimum sentence."). A 240-month sentence for each count is adequate to fully reflect the factors contained in 18 U.S.C. § 3553(a). An additional 22 months for Count 1 is not necessary to account for the concerns for which the 18 U.S.C. § 3553(a) factors stand.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 240 months is appropriate to reflect the seriousness of Alvarez-Narzagaray`s crimes. Other conditions that the Court will require as part of supervised release will also provide Alvarez-Narzagaray with some needed education, training, and care to prevent him from recidivating. He has acknowledged that he has a significant drug and alcohol problem, so some treatment will help him move forward once he completes his sentence. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). The sentence the Court is imposing will require Alvarez-Narzagaray to spend a large portion of his adult life in prison. Consequently, the Court concludes that the sentence reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence to both Alvarez-Narzagaray individually and to the public at large. The Court`s discretion regarding Alvarez-Narzagaray`s sentence is rather limited in light of the mandatory minimum. Taking into account the Court`s limited discretion, the Court concludes that the sentence provides just punishment. Alvarez-Narzagaray will be approaching fifty-years old when he completes his sentence. At that age, his likelihood of recidivism will decrease. Furthermore, the enhanced criminal history category he has, in light of the guidelines` career criminal provisions, somewhat inflates the seriousness of his prior criminal history. Consequently, the sentence protects the public. The Court is imposing a sentence for Count 2 that is within the guideline range and is only varying downward 22 months on Count 1. Consequently, in light of the length of his sentence, the Court does not conclude that this small variance promotes unwarranted sentencing disparities among similarly situated defendants. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Alvarez-Narzagaray to 240-months imprisonment for Counts 1 and 2.

☒     The court makes the following recommendations to the Bureau of Prisons:

        **The Court recommends a facility in Arizona, California or Oregon, if eligible.**

☒     The defendant is remanded to the custody of the United States Marshal.
☐     The defendant shall surrender to the United States Marshal for this district:
        ☐    at  on
        ☐    as notified by the United States Marshal.
☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        ☐    before 2 p.m. on
        ☐    as notified by the United States Marshal
        ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Jose Luis Alvarez-Narzagaray**
Case Number: **1:10CR01917-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **10 years** .

**A term of 10 years is imposed as to Count 1; a term of 3 years is imposed as to Count 2; said terms shall concurrently for a total term of 10 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Jose Luis Alvarez-Narzagaray**
Case Number: **1:10CR01917-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Jose Luis Alvarez-Narzagaray**
Case Number: **1:10CR01917-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐　　The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $200.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A　　☒　In full immediately; or

B　　☐　$ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.