IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                           Nos. CIV 16-0544 JB/GBW
                                                                                CR 10-1917 JB

JOSE LUIS ALVAREZ-NARZAGARAY,

    Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on the Petitioner's Motion To Correct Sentence Under 28 U.S.C. § 2255, filed June 9, 2016 (CIV Doc. 2; CR Doc. 96). Alvarez-Narzagaray seeks to vacate the enhancement of his sentence under the career offender provision of the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1, in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Because Alvarez-Narzagaray's sentence was enhanced under U.S.S.G. § 4B1.1 based on two prior felony convictions for "controlled substance offense[s]," U.S.S.G. § 4B1.2(b), rather than under the residual clause's definition of a "crime of violence," U.S.S.G. § 4B1.2(a), the Court will dismiss his § 2255 motion, deny a certificate of appealability, and enter final judgment.

Pursuant to a plea agreement, Alvarez-Narzagaray pled guilty to possession with intent to distribute 1 kilogram and more of heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and reentry of a removed alien in violation of 8 U.S.C. § 1326. See Plea Minute Sheet, filed October 20, 2011 (CR Doc. 80); Plea Agreement, filed October 20, 2011 (Doc. 81); Judgment, filed July 26, 2012 (Doc. 87)("Judgment"). The Court sentenced Alvarez-Narzagaray to 240 months of

imprisonment on each count, the terms to run concurrently with each other, for a total term of imprisonment of 240 months.  See Judgment at 1-2.  In doing so, the Court adopted the findings of the Presentence Investigation Report ("PSR"), which determined that Alvarez-Narzagaray was a career offender under U.S.S.G. § 4B1.1 based on the following two prior felony convictions:

> On April 11, 2001, the defendant was convicted of Possession of Narcotic Drugs for Sale, a felony, in the Maricopa County Superior Court, Phoenix, Arizona (Case No. CR2001-001746).
>
> On June 27, 2002, the defendant was convicted of Sale or Transportation of Narcotic Drugs, a felony, in the Maricopa County Superior Court, Phoenix, Arizona (Case No. CR2002-005181).

Re-disclosed Presentence Investigation Report at 11 (dated Nov. 23, 2011).  On July 26, 2012, the Court entered judgment on Alvarez-Narzagaray's conviction and sentence.

On June 9, 2016, Alvarez-Narzagaray filed the present Motion to Correct Sentence Under 28 U.S.C. § 2255, contending that the career offender enhancement under U.S.S.G. § 4B1.1 is unconstitutional pursuant to Johnson v. United States, 135 S. Ct. at 2551.  In Johnson v. United States, the Supreme Court of the United States considered whether the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), violates the Due Process Clause of the Fifth Amendment to the Constitution of the United States of America.  In general, the maximum term of imprisonment for a defendant convicted of being a felon in possession of a firearm is ten years.  See 18 U.S.C. § 924(a)(2).  "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life."  Johnson v. United States, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(1)).  The ACCA defines a "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that --
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or

>(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*

§ 924(e)(2)(B) (emphasis added). The Supreme Court held that § 924(e)(2)(B)(ii)'s residual clause, which is the italicized portion excerpted above, "denies fair notice to defendants and invites arbitrary enforcement by judges." Johnson v. United States, 135 S. Ct. at 2557. Therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson v. United States, 135 S. Ct. at 2563. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court recently made Johnson v. United States' holding retroactive to cases on collateral review. See 136 S. Ct. at 1268.

In the present case, Alvarez-Narzagaray's sentence was not enhanced under the ACCA, but under the career-offender provision in U.S.S.G. § 4B1.1, which contains a residual clause virtually identical to that the Supreme Court invalidated in Johnson v. United States. USSG § 4B1.2 defines a "crime of violence" as

>any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-- (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.1 (emphasis added). In United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015), the United States Court of Appeals for the Tenth Circuit held that "[t]he concerns about judicial inconsistency that motivated the Court in Johnson, lead us to conclude that the residual clause of the Guidelines is also unconstitutionally vague. If one iteration of the clause is unconstitutionally vague, so too is the other." 805 F.3d at 1210. The Tenth Circuit further has concluded that a challenge to the career-offender provision in U.S.S.G. § 4B1.1 is "sufficiently based on Johnson"

to permit authorization to file a second or successive § 2255 motion pursuant to § 2255(h).  See In re Jason Thomas Encinias, No. 16-8038, 2016 WL 1719323, at *2 (10th Cir. April 29, 2016).

Notably, pursuant to Johnson v. United States and United States v. Madrid, only the *residual clause* of ACCA and of the career-offender provision of the U.S.S.G., both of which define a "violent felony" or a "crime of violence," respectively, as a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another," are unconstitutionally vague.  18 U.S.C. § 924(e)(2)(B); USSG 4B1.2(a)(2).  Alvarez-Narzagaray's sentence, however, was not enhanced on the basis of the definition of a "crime of violence" in the U.S.S.G., much less under the residual clause of that definition.  Rather, Alvarez-Narzagaray's sentence was enhanced because he had two prior felony convictions of "a controlled substance offense."  U.S.S.G. § 4B1.1(a).  U.S.S.G. § 4B1.2(b) defines a "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).  Neither Johnson v. United States nor United States v. Madrid invalidated the ACCA definition of a "serious drug offense," 18 U.S.C. § 924(e)(2)(A), or the definition of a "controlled substance offense" under the U.S.S.G.'s career-offender provision, U.S.S.G. § 4B1.2(b), and, therefore, Alvarez-Narzagaray is not entitled to relief on his § 2255 motion.

The Court determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Alvarez-Narzagaray has not made a substantial showing that he has been denied a constitutional right, as 28 U.S.C. § 2253(c)(2) requires.  Accordingly, the Court will deny a certificate of appealability.

**IT IS ORDERED** that the Petitioner's Motion To Correct Sentence Under 28 U.S.C. §

2255, filed June 9, 2016 (CIV Doc. 2; CR Doc. 96), is dismissed with prejudice; a certificate of appealability is denied; and final judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Liane E. Kerr
Albuquerque, New Mexico

    *Attorney for the Petitioner*

Damon P. Martinez
   United States Attorney
Nicholas Jon Ganjei
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorney for the Respondent United States of America*