IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                      No. CR 10-1917 JB

JOSE LUIS ALVAREZ-NARZAGARAY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Reduce Sentence, filed March 6, 2024 (Doc. 99)("Motion"). The primary issue is whether the Court should reduce Defendant Jose Luis Alvarez-Narzagaray's sentence, because he purports to be eligible for a reduction pursuant to Amendment 821 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). The Court denies the Motion, because Alvarez-Narzagaray is not eligible for a reduction under Amendment 821.

## ANALYSIS

Amendment 821 has two parts, Part A -- Status Points under U.S.S.G. §4A1.1 -- and Part B -- Zero-Point Offenders, see Supp. to App. C. at 234-35; Alvarez-Narzagaray is not eligible for a sentence reduction under either Part. Part A changes the calculation of status points, i.e., points added to a defendant's offense level for committing the crime at issue "while under any criminal justice sentence," such as probation, parole, or supervised release. Supp. to App. C. at 234. Defendants who receive status points may be eligible for a reduction under Part A. Part B also acts on a defendant's offense level; if a defendant is a 0-point offender, meaning that he does not receive any criminal history points, and if the defendant meets nine other criteria, Amendment 821 Part B decreases his offense level by 2 points. See Supp. to App. C. at 235.

Alvarez-Narzagaray's pro se Motion, to which the United States has not filed a response, contends that he "is a zero-point offender who fulfills part A of Amendment 821 . . . . The Defendant qualifies for a sentence reduction under subpart 1 of part B." Motion at 1. Contrary to this assertion, Alvarez-Narzagaray is not eligible for a sentence reduction under either Part. According to the United States Probation Office's Presentence Investigation Report, filed June 4, 2025 (Doc. 101)("PSR"), Alvarez-Narzagaray did not receive any status points for committing his crime while under a criminal justice sentence. See PSR ¶¶ 23-43, at 8-10. Amendment 821 Part A, therefore, is inapplicable to him. Alvarez-Narzagaray, moreover, receives 6 criminal history points and has a criminal history category of VI, because he is a career offender. See PSR ¶ 50, at 13. Amendment 821 Part B, therefore, which applies only to 0-point offenders, does not apply to him. Because Alvarez-Narzagaray is not eligible for a sentence reduction under Amendment 821, the Court denies the Motion.

**IT IS ORDERED** that the Motion to Reduce Sentence, filed March 6, 2024 (Doc. 99), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Ryan Ellison
   United States Attorney
Nicholas Jon Ganjei
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Jose Luis Alvarez-Narzagaray
Yazoo City, Mississippi

   *Defendant pro se*